CITIES AND TOWNS
Under Article X, Section 10, of the Oklahoma Constitution, and 62 O.S. 331 [62-331] and 62 O.S. 333 [62-333] (1971), and 68 O.S. 2489 [68-2489] (1971), the term "cities" also includes towns, and a city may, upon majority vote of its electors, levy a tax under Article X, Section 10 for a specific number of years and accumulate the proceeds from the tax in a "Building Fund" for the specific purpose of erecting public buildings or for purchasing furniture; but a city cannot use the funds raised from such levy for the purpose of purchasing an existing building. Under 11 O.S. 16-104 [11-16-104] and 11 O.S. 16-112 [11-16-112] (1977), such question would be governed by the provisions of the city charter. The Attorney General has considered your request for an opinion wherein you ask, in effect, the following questions: "1. Does the term 'cities' also include 'towns'? "2. May a city levy a tax for a specific number of years and accumulate the proceeds from the tax in a fund for the specific purpose of erecting public buildings? "3. May the question of levying such a tax be framed in the following manner: 'Should the City of __________ be authorized to levy a tax of _____ mills on the dollar of the assessed valuation of the City for a period of _____ years for the purpose of erecting a _______________ .' (or for purchasing furniture) "4. May the question of levying such a tax be submitted to the voters of the city at either a special or general city election ? "5. May the proceeds from a tax be used by a city for purchasing furniture? "6. May the funds be used for the purpose of purchasing an existing building?" As you point out in your request letter, Article X, Section 10 of the Oklahoma Constitution authorizes the levy of a property tax for purpose of erecting public buildings in counties or cities or by school district. Article X, Section 10 reads as follows: "For the purpose of erecting public buildings in counties or cities, or for the purpose of raising money for a building fund for a school district which may be used for erecting, remodeling or repairing school buildings, and for purchasing furniture, the rate of taxation herein limited may be increased, when the rate of such increase and the purpose for which it is intended shall have been submitted to a vote of the people, and a majority of the qualified voters of such county, city, or school district, voting at such election shall vote therefor: Provided, that such increase shall not exceed five (5) mills on the dollar of the assessed value of the taxable property in such county, city or school district." In order to answer your questions, it is also necessary to review those provisions of the statute which make reference to tax levies under Article X, Section 10 of the Oklahoma Constitution, by municipalities. Title 62 O.S. 331 [62-331] (1971), relating to county and municipal sub division funds, provides in its pertinent part as follows: ". . . Third. All funds created by a tax levy under the provisions of Article X, Section 10, Constitution, are hereby declared to constitute the 'Building Fund' of such municipality as may authorize such fund by legal election under the terms of said section; and such levy shall be separately computed, certified, and distributed when collected and so expended." Further, 62 O.S. 333 [62-333] (1971), provides as follows: "When the governing board of any county, city, town or school district shall determine by proper resolution in writing that a surplus exists in any building fund created under the provisions of Article X, Section 10, Oklahoma Constitution, not required for the completion of the purpose for which said taxes were levied and collected, or where said proposed construction has been abandoned, said surplus shall be refunded to the taxpayers by the use thereof by the County Excise Board to reduce the tax levy for the sinking fund of the municipality for which the building fund was created. Provided, that any portion of said building fund surplus not required to eliminate a sinking fund tax levy for said municipality shall be refunded to the taxpayers by the use thereof to reduce the tax levy for the benefit of the general fund for the same municipality." References are made to the "Building Fund," referred to in Article X, Section 10 of the Oklahoma Constitution, in 68 O.S. 2489 [68-2489](b) (1971), which reads in its pertinent part as follows: "Building fund appropriations and levies under Article X, Section 10, Oklahoma Constitution, shall be computed by the same formulae and subject to the same defenses as general funds, but need be itemized only as to the amount needed for construction of new buildings, remodeling or repairing buildings, and purchasing furniture, and for a reserve for the interest on warrants issued according to statute." Concerning your first question, the express language of Article X, Section 10
of the Oklahoma Constitution, does not refer to "towns" when it speaks to what entities are authorized to levy the five mills provided in that Section. The Legislature, however, in 62 O.S. 333 [62-333] (1971), quoted above, has construed Article X, Section 10 to include towns as well as counties, cities and school districts. It would, therefore, follow that Article X, Section 10 is applicable to towns as well as cities. Concerning your second question, a review of the above-quoted statutes clearly shows that a city may levy a tax under Article X, Section 10 upon a majority vote of the electors in the city for the purpose of accumulating money from such tax in a "Building Fund" for the specific purpose of erecting public buildings. Article X, Section 10 is silent, however, as to whether or not a city can levy such tax for a specified number of years. In looking at 62 O.S. 333 [62-333] (1971), cited above, it is clear that, once the purpose for which a tax under Article X, Section 10 is levied and completed, any surplus is refunded to the taxpayers by way of reduction of other ad valorem tax levies. From a practical standpoint we see no difference in the refunding method provided for in 62 O.S. 333 [62-333] or in limiting the levy at the time it is voted upon by the people to a specific number of years. Your second question is, therefore, answered in the affirmative. Your third question is answered in part by question number two, except for the reference in your third question to "purchasing furniture," which will be answered later in the answer to question number five. Concerning your fourth question, under the provisions of Article 16 of the New Municipal Code, effective July 1, 1978, applicable to municipalities which are not governed by charter, it would appear that under 11 O.S. 16-104 [11-16-104] and 11 O.S. 16-112 [11-16-112] (1977), the question of levying such a tax could be submitted to the voters of the city at either a special or general city election. In those cities governed by city charter, however, the provisions of the charter would control on this question. Concerning your fifth question, the express language of 68 O.S. 2489 [68-2489] (1971), quoted above, would appear to answer this question in the affirmative. 68 O.S. 2489 [68-2489](b) makes express reference to itemization of amounts needed for "construction of new buildings, remodeling or repairing buildings, and purchasing furniture." Concerning your sixth question, in view of the express language of Article X, Section 10 and the statutes, quoted and referred to above, it does not appear that funds derived from a Article X, Section 10, tax levy can be used for the purposes of purchasing an existing building. It is, therefore, the opinion of the Attorney General that your questions be answered as follows: Under Article X, Section 10 of the Oklahoma Constitution, and 62 O.S. 331 [62-331] and 62 O.S. 333 [62-333] (1971), and 68 O.S. 2489 [68-2489] (1971), the term "cities" also includes towns, and a city may, upon majority vote of its electors, levy a tax under Article X, Section 10 for a specific number of years and accumulate the proceeds from the tax in a "Building Fund" for the specific purpose of erecting public buildings or for purchasing furniture; but a city cannot use the funds raised from such tax levy for the purpose of purchasing an existing building. Under 11 O.S. 16-104 [11-16-104] and 11 O.S. 16-112 [11-16-112] (1977), cities not governed by a city charter may, pursuant to those statutory sections, submit the question of a Article X, Section 10 tax levy to the voters at either a special or general city election. In those cities governed by a city charter the time of submission of such question would be governed by the provisions of the city charter. (GERALD E. WEIS)